## W. P. SAYWARD, APPELLANT,

*v.*

## F. M. GUYE AND JOSEPH COMSTOCK, Sheriff of Kitsap County, Washington Territory, APPELLEES.

The decision of this Court, in case of *Crawford & Harrington* v. *Haller, infra,* in dismissing an appeal, because it did not appear from the record that the notice of appeal was ever made, or filed with the Clerk of the Court in which judgment was rendered, affirmed.

The omission in the record having been brought to the attention of the party in fault, and he taking no steps to correct the same, is not entitled to indulgence ; and the Court will not, after the hearing, allow the fault to be corrected.

APPEAL from Third Judicial District, holding terms at Seattle.

In this cause appellees appearing, specially moved the Court to dismiss the appeal, because no notice of appeal was given or filed with the Clerk of the Court in which the judgment appealed from was entered, and because no errors had been assigned in the purported notice.

*Burke & Haller*, for Appellees.

Code of Washington, Secs. 458, 459; *Harrington et al.* v. *Haller, infra.*

No errors have been assigned in the said notice. (Code of Washington Territory, Sec. 463; *Colman* v. *Yesler*, 1 Wash. Ter. Rep. 591.)

*Struve, Haines & McMicken*, for Appellant.

Opinion by HOYT, Associate Justice.

Appellees, having in their brief properly reserved the right so to do, now move the Court to dismiss the appeal herein, because it does not appear that notice of the appeal was ever made, or filed with the Clerk of the Court in which the judgment appealed from was entered; and cites in support of said motion the ruling of this Court in the case of *Crawford & Harrington* v. *Haller*, made at the July term, 1883; and it is claimed by them that the said notice of appeal has the same, and no other, authentication as the one in the case above cited; and that if that decision is to be adhered to, then there is no proof in this cause that any notice of appeal was ever given or served herein; and this position is practically admitted by the appellants. We have, moreover, looked into the record in the two cases, and we find them to be identical in regard to the matter involved in this question; and as we are satisfied with the ruling then made, it follows that it will be adhered to, and this Court will hold now, as then, that this transcript furnishes no proof that the cause has ever been brought to this Court.

In the case of *Crawford & Harrington* v. *Haller* above cited, the Court, upon cause shown, gave the appellants leave to supply proof of the facts necessary to show jurisdiction in this Court; and in view of the fact that the question at issue had not before been decided by this Court, and of the other circum-

stances of that case, much indulgence was probably merited. But here a different case is presented.

Appellant presents such a transcript as this Court has held to be insufficient to show jurisdiction, and when his attention is called to the particulars wherein such transcript is insufficient by the brief of opposite counsel, and to the cause in which this Court has so held, he still rests his case upon such faulty transcript, instead of taking steps to perfect the same, as he might easily have done, by causing the clerk to file in this Court a properly authenticated copy of the notice of appeal in said cause. We can therefore in this cause extend a like indulgence to the appellant, only by approving of the acts of a party in thus relying upon what he is duly notified has been held thus faulty, with the expectation that if the Court again holds the same as it has before, it will allow him time, as a matter of pure grace, to do that which he could have easily done, and ought in common prudence to have done, as soon as his attention was called thereto: and this we are not willing to do.

It is therefore our opinion that the appeal herein should be dismissed, and it is so ordered.

We concur:    GEORGE TURNER, Associate Justice.
              S. C. WINGARD, Associate Justice.